UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff/Respondent,<br>v.<br>TARL BRANDON,<br>Defendant/Movant. | Case No. 2:09-cr-494-KJD-VCF<br>2:16-cv-2296-KJD<br>ORDER |

Presently before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#227). The Government filed a response in opposition (#231) to which Movant replied (#232).

I. Facts

On Dec. 1, 2009, the federal grand jury in the District of Nevada returned an indictment against Brandon and a codefendant, Calvin Gribble, for conspiracy to commit mail fraud, wire fraud, and bank fraud in violation of 18 U.S.C. § 1349. ECF No. 1. On May 12, 2010, the grand jury returned another indictment against Brandon and two codefendants, Corey Smiley and Cardell Robinson, for conspiracy to commit bank fraud, mail fraud, and wire fraud in violation of 18 U.S.C. § 1349, wire fraud in violation of 18 U.S.C. § 1343, and aiding and abetting in violation of 18 U.S.C. § 2.  United States v. Brandon, *et al.*, 2:10-cr-209, Docket No. 1. On August 4, 2010, the grand jury returned an indictment against Brandon and Smiley for conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, wire fraud in violation of 18 U.S.C. § 1343, and aiding and abetting in violation of 18 U.S.C. § 2.  United States v. Brandon, *et al.*, 2:10-cr-407, Docket No. 1. The three cases were consolidated for trial on March 15, 2012. ECF No. 80.

1    At trial Smiley testified that he first met Brandon through friends in 1996 and that they
2 began a business relationship about five years before trial. ECF No. 139 at 170-71. Through
3 Smiley, the government introduced audio recordings of two conversations between Brandon and
4 a confidential informant ("CI"). ECF No. 141 at 7-8. Smiley testified that he had previously
5 listened to the recordings and that he recognized Brandon's voice on them. ECF No. 141 at 7-8.
6    When the government introduced the recordings into evidence, the defense did not object
7 based on lack of foundation, nor did it claim that the recordings violated the Confrontation
8 Clause. See ECF No. 141 at 8. Before the Court allowed the recordings to be published, it
9 instructed the jury "that the informant's statements on the recordings are admitted only for the
10 limited purpose of providing context to the defendant's statements" and that the jury "must
11 consider [the informant's statements] if only for that limited purpose and for no other purpose."
12 ECF No. 147 at 227. The FBI special agent that managed the CI also appeared at trial and
13 testified about the preparation and handling of the CI, the recording device and the subsequent
14 electronic recording. He verified that the recordings were made under his direction and that the
15 transcript that had been prepared fairly and accurately depicted what was on the recording. Id. at
16 222-224, 226-227.
17    On June 12, 2012, after a seven-day trial, a jury found Brandon guilty on all counts. ECF
18 120. At sentencing, the government proved that Brandon had at least ten victims—the seven
19 listed in the PSR, plus Bear Stearns, World Savings, and Accredited Home Lenders. ECF No.
20 210 at 26-28. This Court then entered judgments of conviction on May 28, 2013, ECF No. 203, a
21 timely appeal followed, ECF No. 205, and the Ninth Circuit affirmed in part but remanded to
22 recalculate restitution. ECF No. 217. On September 30, 2016, Brandon filed the present 28
23 U.S.C. § 2255 motion. ECF No. 227.
24    Brandon raises three claims: (1) that his counsel at sentencing was deficient when they
25 failed to object to the pre-sentence report ("PSR") based on the fact that it included victims
26 whose losses were not included in the calculated loss amount—and that if counsel had
27 objected—the Court would not have applied the two-point enhancement in U.S.S.G. §
28 2B1.1(b)(2)(A) for Brandon having at least ten victims; (2) that his trial counsel was deficient for

failing to raise an objection to the admission into evidence the recordings between Brandon and the CI based on foundation, authenticity and in violation of Crawford v. United States; and (3) appellate counsel's performance was deficient for failing to raise these issues on appeal.[1]

II. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a defendant must show both deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). The Supreme Court has explained that courts evaluating ineffective assistance claims "must apply a strong presumption that counsel's representation was within a wide range of reasonable professional assistance" and that a defendant must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." Harrington v. Richter, 562 U.S. 86, 104 (2011) (internal citations and quotations omitted). "[T]he standard for judging counsel's representation is a most deferential one" because "the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." Id. at 105.

Counsel does not render ineffective assistance by failing to raise a non-meritorious argument. James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994) ("failure to make a futile motion does not constitute ineffective assistance of counsel"); Shah v. United States, 878 F.2d 1156, 1162 (9th Cir. 1989) (same); Morrison v. Estelle, 981 F.2d 425, 429 (9th Cir. 1992) (no ineffective assistance of appellate counsel for failure to make an argument that would not have been successful).

III. Analysis

    A.  Enhancement for Losses Suffered by Ten (10) or More Victims

Brandon correctly asserts that in order for a victim to be counted under U.S.S.G. § 2B1.1(b)(2)(A) that the victim's loss must be included in the loss calculation in U.S.S.G. § 2B1.1(b)(1). See United States v. Armstead, 552 F.3d 769, 780-81 (9th Cir. 2008). However, it was not deficient performance for sentencing counsel to fail to object to the PSR based on

---

[1] Because the Court finds that trial and sentencing counsel were not deficient, it is not necessary to address Brandon's contention that appellate counsel was deficient for failing to raise these claims.

Brandon's allegations that only seven of the alleged victim's losses were included in the amount of loss.

Raising the issue would have been futile. While the PSR only named seven victim lenders, it listed other transactions naming the victim as "[to] be determined." PSR 8-9. The Court spent time during the sentencing hearing assuring that ten victim lenders existed and that their losses were included in the amount of loss. See ECF No. 210 at 26-28; Government's Opposition to Defendant's 28 U.S.C. § 2255 Motion, ECF No. 231, p. 5-6 (listing properties, HUD-1 settlement statements and the equivalent victim in the PSR). Counsel does not render ineffective assistance by failing to raise a non-meritorious argument. Borg, 24 F.3d at 27. And, in fact, rather than having offered ineffective assistance of counsel, it appears that appellate counsel did an extraordinary job of nearly convincing the Ninth Circuit that this non-meritorious issue did have merit. However, the Ninth Circuit found that the issue had been waived. Despite the Ninth Circuit's ruling, the waiver was not ineffective since Defendant cannot be prejudiced by failure to raise an issue that he would not have prevailed on. Strickland, 466 U.S. at 697.

B. Failure to object to the Admission of the Confidential Informant Recordings

1. Authentication

Federal Rule 901(b)(5) establishes a low threshold for voice identification "an identifying witness need only be minimally familiar with the voice he identifies." United States v. Ortiz, 776 F.3d 1042, 1044 (9th Cir. 2015). "The opinion must be based on hearing the voice at any time under circumstances that connect it with the alleged speaker." Id. Here, Defendant argues that his counsel should have objected to the authentication of his voice on the tapes stating that "the government failed [sic] provide testimony to establish foundation or that the recordings were authentic."

However, the Government did provide the testimony of the agent under whose authority the confidential informant made the tapes and the testimony of Corey Smiley, Defendant's close associate and co-conspirator, that Defendant was the voice heard on the tape. The evidence showed that Smiley was familiar with Defendant's voice because he had known Brandon since 1996, had a lengthy business relationship with him and multiple witnesses

1  testified that they had met with both Smiley and Brandon together repeatedly. Any objection to
2  authenticity or foundation would have been futile because the court would have overruled it.
3  Therefore, trial counsel's performance was not deficient for failing to object and appellate
4  counsel was not deficient for failing to raise the issues on appeal. See Morrison, 981 F.2d at 429;
5  Borg, 24 F.3d at 27; Shah, 878 F.2d at 1162.

    2. Confrontation Clause

7  Movant next argues that his counsel was deficient for failing to object to the
8  playing of the recordings with the confidential informant based on the Confrontation Clause of
9  the Sixth Amendment. Defendant correctly asserts that Crawford v. Washington, 541 U.S. 36
10 (2004) bars hearsay statements that are testimonial in nature from non-testifying witnesses. In
11 this case, the confidential informant was not made available to testify.
12 However, the Confrontation Clause "does not bar the use of testimonial statements for
13 purposes other than establishing the truth of the matter asserted." Id.at 59 n.9; see also United
14 States v. Tolliver, 454 F.3d 660, 666 (7th Cir. 2006); United States v. Eppolito, 646 F. Supp.2d
15 1239, 1240-41 (D. Nev. August 24, 2009). Like the recordings in Tolliver, the informant's
16 statements in this case are not hearsay, because the Court did not admit them for the truth of the
17 matter asserted. Instead, the Court admitted them for the sole purpose of providing context to
18 Defendant's statements not to prove the truth of their contents. Id. at 1241. The Court
19 specifically instructed the jury that the confidential informant's statements were being offered
20 not for their truth, but to provide context for Brandon's statements. See ECF No. 147 at 227.
21 Further, after the close of evidence and before the jury started deliberations, the Court instructed
22 them that "[t]he informant's statements on the recordings is admitted only for the limited purpose
23 of providing context to the defendant's statements and, therefore, you must consider it only for
24 that limited purpose and not for any other purpose." See Jury Instructions, ECF No. 116, p. 15, l.
25 4-6.
26 Therefore, any failure on the part of trial or appellate counsel to object to the evidence or
27 to raise its admission on appeal was not deficient, because the evidence was not hearsay. See
28 Morrison, 981 F.2d at 429; Borg, 24 F.3d at 27; Shah, 878 F.2d at 1162. Taking into account the

weight of the evidence adduced against Brandon at trial, the limiting instructions at the time the recordings were played and the instructions read to the jury before they began to deliberate, the Court concludes that even if its admission were error, that error was harmless beyond a reasonable doubt. See U.S. v. Larson, 495 F.3d 1094, 1107 (9th Cir. 2007).

Having failed to meet the high burden of demonstrating that his trial, sentencing and appellate counsel's performance was constitutionally deficient the Court must deny Movant's motion to vacate, set aside or correct his sentence.

IV. Certificate of Appealability

To appeal this order, Brandon must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1 (a). To obtain that certificate, he "must make a substantial showing of the denial of a constitutional right, a demonstration that ... includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (quotation omitted). This standard is "lenient." Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

Given that the court did, in fact, consider whether the amount (10) of victims' losses were included in the amount of loss, no reasonable jurist could debate whether the petition should have been resolved differently. Therefore, the Court denies Movant a certificate of appealability on this issue. The Court also denies Movant a certificate of appealability on the issue of the admissibility of the recordings by the confidential informant. No reasonable jurist could conclude that an appropriate foundation was not laid and that authentication of Defendant's voice was not made. Further, because the confidential informant's statements were not hearsay and, even if they were, the error was harmless, the Court denies a certificate of appealability on those issues.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#227) is **DENIED**;

1    IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Respondent and against Petitioner in the corresponding civil action, 2:16-cv-2296-KJD, and close that case;

IT IS FURTHER ORDERED that Movant is **DENIED a certificate of appealability**;

Dated this 28th day of September 2020.

_____
Kent J. Dawson
United States District Judge